UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| WhatRU Holding, LLC, a Minnesota limited liability company, | ) ) ) | Court File No. _____ |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| Bouncing Angels, Inc., a California corporation, and EZ Inflatables, Inc., a California corporation. | ) ) ) ) | |
| Defendants. | ) | |

_____

Plaintiff, WhatRU Holding, LLC, ("Plaintiff" or "WhatRU Holding") for its Complaint against Defendants Bouncing Angels, Inc., and EZ Inflatables, Inc., alleges and states as follows:

**NATURE OF THE ACTION**

1.  This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271; for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*; for false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and for related claims under the laws of the State of Minnesota of deceptive trade practices under the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43, *et seq.*, and common law unfair competition.  The claims arise out of the Defendants' actions with respect to a certain product, as more fully described herein, owned, patented, and copyrighted by the Plaintiff.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 1338(a) and (b), 15 U.S.C. § 1121(a), and exclusive jurisdiction pursuant to 28 U.S.C. § 1338(a) with respect to the Plaintiff's patent and copyright infringement claims. This Court has jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Defendants because Defendants have established minimal contacts with the forum. The Defendants have committed and continue to commit acts of direct and indirect patent, trade dress, and copyright infringement in this district. Therefore, the exercise of personal jurisdiction over the Defendants would not offend the traditional notions of fair play and substantial justice.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(a) and (b).

## THE PARTIES

5. WhatRU Holding is a Minnesota limited liability company organized and existing under the laws of the State of Minnesota, and it maintains its principal place of business at 10665 Alameda Avenue in Inver Grove Heights, Minnesota 55077. WhatRU Holding is the sole assignee of the patent-in-suit, as defined below, and the owner of the copyrights, as defined below.

6. Defendant Bouncing Angels, Inc. is a corporation organized and existing under the laws of the State of California, and maintains its principal place of business at 895 North Todd Ave. Azusa, CA 91702. Defendant does business and has committed the

acts complained of in the District of Minnesota.  Defendant holds itself out as a manufacturer of inflatable party supplies, including a bounce house, covered under the patent-in-suit and a copyright owned by WhatRU Holding.

7.   Defendant EZ Inflatables, Inc. is a corporation organized and existing under the laws of the State of California, and maintains its principal place of business at 895 North Todd Ave. Azusa, CA 91702.  Defendant does business and has committed the acts complained of in the District of Minnesota.  Defendant holds itself out as a manufacturer of inflatable party supplies, including a bounce house, covered under the patent-in-suit and the copyright owned by WhatRU Holding.

## WHATRU HOLDING'S '608 PATENT

8.   On October 30, 2003, inventors Robert Field and Brian Field filed a patent application in the United States Patent and Trademark Office ("USPTO") covering a novel inflatable bouncer.  In response, the USPTO issued U.S. Patent No. 7,108,608 (the "'608 Patent").  A true and correct copy of the '608 Patent is attached hereto as "Exhibit A" and by reference is made a part hereof.

9.   WhatRU Holding is the owner by assignment of all legal rights, title, and interest in, to, and under the '608 Patent, including the right to bring the suit for damages and injunctive relief for infringement thereof.

## WHATRU HOLDING'S COPYRIGHTS

## THE '471 COPYRIGHT

10. In 2002, Cutting Edge Creations, Inc. ("Cutting Edge") completed an original work of an inflatable sculpture entitled "Carousel Bouncer," and first published said work in the United States on November 20, 2002.

11. "Carousel Bouncer" consists of an inflatable sculpture which is shaped to resemble a circus carousel.

12. "Carousel Bouncer" has been registered with the United States Copyright Office as Copyright Registration No. VA-1-201-471 (the "'471 Copyright"), having an effective date of registration of June 6, 2003. A true and correct copy of the '471 Copyright is attached hereto, marked as "Exhibit B" and by reference is made a part hereof.

13. On September 28, 2010, WhatRU Holding purchased the '471 Copyright and all legal rights thereto.

14. WhatRU Holding is the owner of the '471 Copyright, and was and continues to be the owner of all legal rights, title, and interest in, to, and under the '471 Copyright.

## DEFENDANTS' INFRINGING ACTIVITIES

15. At no time has WhatRU Holding authorized Defendants to offer for sale, sell, use, and/or import or to make the invention protected by the '608 Patent.

16. At no time has WhatRU Holding authorized Defendants to sell, adapt, distribute, reproduce, or display and import into the United States the works which are the subject of the '471 Copyright.

17. Defendants have and are presently making, using, offering for sale, selling, and distributing in interstate commerce certain products identified as "Carousel Jumper" (Model No. B101). Photographic depictions of these products are attached hereto, marked as "Exhibit C" and "Exhibit D" and by reference made a part hereof. Defendants have and are presently offering for sale, selling, and distributing these products on their on-line websites at www.bouncingangels.com and www.ez-inflatables.com.

## COUNT I
## INFRINGEMENT OF THE '608 PATENT

18. WhatRU Holding realleges and incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

19. Defendants have infringed and continue to infringe at least Claim 1 of the '608 Patent (Exhibit A) in violation of 35 U.S.C. §§ 271(a). Particularly, Defendants have offered to sell and used, sold and/or imported, and continue to offer to sell through their websites, www.bouncingangels.com and www.ez-inflatables.com, an inflatable bouncer called the "Carousel Jumper" (Model No. B101) (Exhibits C and D) as claimed in the '608 Patent.

20. WhatRU Holding has given notice to the public of the articles patented under the '608 Patent in accordance with 35 U.S.C. § 287(a).

121571421v1 0937528

21. Defendants' infringing activities have been and continue to be knowing, deliberate, willful and wanton, and in conscious disregard of WhatRU Holding's patented rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

22. WhatRU Holding has sustained damages as a result of Defendants' infringing activities and will continue to sustain damages in the future unless the infringement of the '608 Patent is permanently enjoined by this Court.  Such damages include lost profits, erosion of WhatRU Holding's pricing for its competing products and sales, and in any event, no less than a reasonable royalty.

WHEREFORE, WhatRU Holding prays that this Court grant the following relief:

A. A judgment that Defendants have infringed the '608 Patent;

B. An accounting for damages, and judgment thereon, resulting from Defendants' infringement of the '608 Patent, together with pre-judgment and post-judgment interest;

C. A judgment that Defendants knowingly and willfully engaged in infringement of the '608 Patent, and the trebling of damages pursuant to 35 U.S.C. § 284;

D. A permanent injunction against Defendants, their officers, agents, employees, parent and subsidiary corporations, assigns, successors in interest, and all those persons in active concert or participation with them, enjoining them from continued actual infringement of the '608 Patent;

E. A judgment holding this action to be an exceptional case and an award to WhatRU Holding for its attorney's fees pursuant to 35 U.S.C. § 285; and

F. Such other and further relief as the Court deems just and equitable.

## COUNT II
## INFRINGEMENT OF THE '471 COPYRIGHT

23. WhatRU Holding realleges and incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

24. Defendants' product identified as "Carousel Jumper" (Model No. B101) (Exhibits C and D) is identical or substantially similar to the work copyrighted by the '471 Copyright (Exhibit B) and constitutes an unauthorized copy or derivative work thereof.

25. Defendants have sold and are offering for sale in interstate commerce unauthorized copies or derivative works of WhatRU Holding's copyrighted work and have in fact sold and distributed such unauthorized copies or derivative works for financial gain.

26. Defendants have infringed and continue to infringe the '471 Copyright in violation of 17 U.S.C. § 106, § 501(a), and § 602(a) by distributing, selling, and displaying the copyrighted work and importing the copyrighted work into the United States.

27. Defendants have induced, caused, and materially contributed to the infringement of the '471 Copyright in violation of 17 U.S.C. § 106 and § 501(a) and are, therefore, liable as contributory infringers. Such acts include, but are not necessarily limited to, Defendants' offering to sell, selling and distributing the copyrighted work or derivative work thereof to others to offer to sell, distribute and display.

28. By reason of Defendants' infringement of WhatRU Holding's copyright, WhatRU Holding has sustained and will continue to sustain substantial and irreparable injury and loss, and has sustained and will continue to sustain damages.

WHEREFORE, WhatRU Holding prays that this Court grant the following relief:

    A.    A judgment that Defendants have infringed the '471 Copyright;

    B.    A permanent injunction against Defendants, their officers, agents, employees, parent and subsidiary corporations, assigns, successors in interest, and all those persons in active concert or participation with them, enjoining them from infringing or contributorily infringing the '471 Copyright in any manner, directly or indirectly;

    C.    A permanent injunction against Defendants, their officers, agents, employees, parent and subsidiary corporations, assigns, successors in interest, and all those persons in active concert or participation with them, enjoining them from copying, offering to sell, selling, importing, marketing, distributing, or placing in interstate commerce any versions, revisions or modifications of the work subject to the '471 Copyright or any derivative works based thereon, including, but not limited to "Carousel Jumper;"

    D.    An accounting for all gains, profits, and advantages derived from its infringement of WhatRU Holding's copyright;

    E.    A judgment in favor of WhatRU Holding and against Defendants in an amount equal to the damages sustained by WhatRU Holding and the profits earned by Defendants from the infringements alleged herein pursuant to 17 U.S.C. § 504(b);

    F.    A judgment in favor of WhatRU Holding and against Defendants for statutory damages pursuant to 17 U.S.C. § 504(c)(1) and (c)(2);

    G.    An order in favor of WhatRU Holding and against Defendants for the impounding and destruction of all infringing work pursuant to 17 U.S.C. § 503;

    H.    A judgment in favor of WhatRU Holding and against Defendants for attorney's fees and costs pursuant to 17 U.S.C. § 505; and

    I.    Such other and further relief as the Court deems just and equitable.

121571421v1 0937528

## COUNT III
## CAROUSEL BOUNCER
## INFRINGEMENT OF TRADE DRESS

29. WhatRU Holding realleges and incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

30. Subsequent to acquisition of secondary meaning by WhatRU Holding's non-functional trade dress described herein, Defendants adopted and began to use trade dress substantially and confusingly similar to WhatRU Holding's non-functional trade dress. Particularly, Defendants' "Carousel Jumper" (Model No. B101) (Exhibits C and D) is substantially similar to the design, image, and overall appearance of WhatRU Holding's "Carousel Bouncer."

31. Defendants' "Carousel Jumper" product (Exhibits C and D) identified herein is directed to the same consumers as WhatRU Holding's "Carousel Bouncer" (Exhibit B).

32. Defendants' use of a trade dress that imitates or simulates the trade dress of WhatRU Holding as set forth above is likely to cause confusion among members of the public and to cause them to mistakenly believe that Defendants' products originate with or are produced, distributed, displayed, or sold in affiliation with, under license from, or with approval of WhatRU Holding.

33. Defendants' use of confusingly similar trade dress is likely to and does permit Defendants to misappropriate and unfairly trade upon the valuable good will and reputation of WhatRU Holding.

34.     Defendants have infringed and continue to infringe the rights of WhatRU Holding in its trade dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).  Particularly, Defendants' acts constitute false designation of origin, false and misleading descriptions, and false and misleading representations, which are likely to cause confusion, mistake, or deception as to affiliation, connection, or association of Defendants with WhatRU Holding, or as to the origin, sponsorship, or approval of Defendants' products by WhatRU Holding.

WHEREFORE, WhatRU Holding prays that this Court grant the following relief:

    A.    A permanent injunction against Defendants, their officers, agents, employees, parent and subsidiary corporations, assigns, successors in interest, and all persons in active concert or participation with them, enjoining them from using a trade dress in connection with the advertisement, promotion, offering for sale, selling, or distributing of any product that imitates or simulates WhatRU Holding's trade dress;

    B.    A judgment in favor of WhatRU Holding and against Defendants in an amount equal to damages sustained by WhatRU Holding and the profits earned by Defendants from the infringement alleged herein pursuant to 15 U.S.C. § 1117(a);

    C.    A judgment that Defendants knowingly and willfully engaged in the infringement of WhatRU Holding's trade dress, and a trebling of damages pursuant to 15 U.S.C. § 1117(a);

    D.    A judgment holding this action to be an exceptional case and an award to WhatRU Holding for its attorney's fees pursuant to 15 U.S.C. § 1117(a); and

    E.    Such other and further relief as the Court deems just and proper.

121571421v1 0937528

## COUNT IV
## FALSE ADVERTISING

35. WhatRU Holding realleges and incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

36. Defendants deliberately market, promote, and advertise products that are outwardly extremely like and similar to the look, feel, appearance, and design of products produced by WhatRU Holding.

37. Defendants have infringed and continue to infringe the rights of WhatRU Holding through its false advertisements in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).  Particularly, Defendants use words, terms, names, symbols, and devices in their advertisements which mislead and confuse members of the public causing them to mistakenly believe that Defendants' products originate with or are produced, distributed, displayed, or sold in affiliation with, under license from, or with approval of WhatRU Holding.

38. WhatRU Holding has a well-known and established history of manufacturing and distributing these particular inflatable tents and party accessories.  By engaging in national advertising via their websites www.bouncingangels.com and www.ez-inflatables.com that reflect products that are outwardly extremely like and similar to WhatRU Holding's, Defendants create a false impression in a substantial number of consumers' minds that their products are in fact affiliated with, the same as, sponsored by, manufactured by, or condoned by WhatRU Holding, thereby enhancing the image of Defendants through this false association.

WHEREFORE, WhatRU Holding prays that this Court grant the following relief:

A. A permanent injunction against Defendants, their officers, agents, employees, parent and subsidiary corporations, assigns, successors in interest, and all persons in active concert or participation with them enjoining them from using a trade dress in connection with the advertisement, promotion, offering for sale, selling, distributing of any product that imitates or simulates WhatRU Holding's trade dress;

B. A judgment in favor of WhatRU Holding and against Defendants in an amount equal to damages sustained by WhatRU Holding and the profits earned by Defendant from the infringement alleged herein pursuant to 15 U.S.C. § 1117(a);

C. A judgment that Defendants knowingly and willfully engaged in the infringement of WhatRU Holding's trade dress, and a trebling of damages pursuant to 15 U.S.C. § 1117(a);

D. A judgment holding this action to be an exceptional case and an award to WhatRU Holding for its attorney's fees and costs pursuant to 15 U.S.C. § 1117(a); and

E. Such other and further relief as the Court deems just and proper.

## COUNT V
## DECEPTIVE TRADE PRACTICES

39. WhatRU Holding realleges and incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

40. The foregoing acts of Defendants constitute deceptive trade practices in violation of Minnesota Statute § 325D.44, including but not limited to, subdivisions (2), (3), (4), (5), (7), and (13).

WHEREFORE, WhatRU Holding prays that this Court grant the following relief:

A. A permanent injunction against Defendants, their officers, agents, employees, parent and subsidiary corporations, assigns, and successors in interest, and all persons in active concert or

      participation with them, enjoining them from continuing said acts of deceptive trade practices;

B.    A judgment in favor of WhatRU Holding and against Defendants that Defendants have willfully engaged in said deceptive trade practices and an award to WhatRU Holding for its attorneys fees and costs pursuant to Minnesota Statute § 325d.45; and

C.    Such other and further relief as the Court deems just and equitable.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION

41.    WhatRU Holding realleges and incorporates by reference all of the preceding paragraphs of this Complaint as through fully set forth herein.

42.    The foregoing acts of Defendants constitute unfair competition under the common law of the State of Minnesota.

WHEREFORE, WhatRU Holding prays that this Court grant the following relief:

A.    A permanent injunction against Defendants, their officers, agents, employees, parent and subsidiary corporations, assigns, and successors in interest, and all persons in active concert or participation with them, enjoining them from continuing said acts of unfair competition;

B.    A judgment in favor of WhatRU Holding and against Defendants for damages, directly and indirectly, caused by said acts of unfair competition, and for costs of suit; and

C.    Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff, WhatRU Holding hereby demands a jury trial on all issues triable of right by jury.

-14-

Dated: October 4, 2013.

                        HINSHAW & CULBERTSON LLP


                        By:  s/Michael T. Berger
                              Michael T. Berger    Reg. No. 350679
                              333 South Seventh Street, Suite 2000
                              Minneapolis, MN  55402
                              Telephone:  612-333-3434
                              Fax:  612-334-8888
                              mberger@hinshawlaw.com

                              ATTORNEYS FOR PLAINTIFF WHATRU
                              HOLDING, LLC

121571421v1 0937528