## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| WhatRU Holding, LLC, a Minnesota limited liability company,<br><br>        Plaintiff<br><br>v.<br><br>Bouncing Angels, Inc., a California corporation, and EZ Inflatables, Inc., a California corporation,<br><br>        Defendants | Case No. 0:13-cv-2745-JNE-TNL<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

### I.   INTRODUCTION

In this action, Plaintiff WhatRU Holding, LLC presents claims against Defendants Bouncing Angels, Inc. ("BAI") and EZ Inflatables, Inc. ("EZI") for alleged patent infringement, copyright infringement, false advertising, and related alleged violations. All of Plaintiff's various claims relate to (a) a single "accused product,"[1] and (b) Defendants' advertisement of the accused product on their respective websites. Because ***only a single unit of the accused product has ever been sold to a Minnesota customer***, the two California Defendants request that this Court dismiss this action for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

---

[1]  The single accused product is a recreational, inflatable structure for children's fun and amusement, described in Paragraph 17 of the Complaint as the "'Carousel Jumper' (Model No. B101) and depicted on Exhibits C and D of the Complaint.

## II.   ARGUMENT

"To survive a motion to dismiss under Rule 12(b)(2), a plaintiff must make a *prima facie* showing that personal jurisdiction exists . . . [which] showing must be tested, not by the pleadings alone, but by the affidavits and exhibits supporting or opposing the motion." *Viracon, Inc. v. J&L Curtain Wall LLC*, 929 F. Supp. 2d 878, 882 (D. Minn. 2013) (internal quotations and citations omitted).

A court must have either specific or general personal jurisdiction over the parties. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1392 (8th Cir. 1993). A *prima facie* case of *specific* personal jurisdiction can only be established if Defendants have "purposefully directed [their] activities at [Minnesota] residents," and the claim of this suit either "arises out of" or "relates to" these activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation omitted). Here, the causes of action alleged – that Defendants infringed on Plaintiff's patent and copyrights, etc. – are entirely unrelated to any particular activities in Minnesota. Rather, the cause of action "arises out of" and "relates to" Defendants' activities in the State of California. As a result, Plaintiff cannot establish specific jurisdiction.

A court cannot exercise *general* jurisdiction over a nonresident defendant unless there are continuous, systematic and significant contacts between the nonresident defendant and the forum state. *Hall*, 466 U.S. at 415-16. In making this determination, courts look at whether the nonresident defendant has purposefully established "minimum contacts" with the forum state, and whether the exercise of jurisdiction comports with

"fair play and substantial justice." *Burger King*, 471 U.S. at 474-76; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In order to determine whether minimum contacts exist, the Court should consider: (1) the nature and quality of the contacts with the forum state, (2) the quantity of the contacts, (3) the relation of the claim to the contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience of the parties. *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008); *see also Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003) (first three factors are of primary importance, while last two are secondary).

In the *Viracon* case, this Court recently dismissed an action for lack of personal jurisdiction where the defendant had more of a connection to Minnesota than either BAI or EZI. The Court reasoned, in relevant part:

> [T]he Court has little trouble concluding that personal jurisdiction over J&L is absent here. The nature, quality, and quantity of its contacts with Minnesota are paltry; Viracon has done little more than establish that J&L entered into a contract for the purchase of goods from a Minnesota company, which were to be delivered out of state. Yet, it has long been recognized that a contract between a plaintiff and an out-of-state defendant is not sufficient in and of itself to establish personal jurisdiction over the defendant in the plaintiff's forum state. . . . Furthermore, the record contains no evidence suggesting that the parties contemplated their relationship would extend over a substantial period of time. Rather, the relationship comprised a one-time purchase of architectural glass for a lone construction project located outside the state of Minnesota. . . . Viracon next argues that J&L "sought out Viracon" to purchase the IGUs. True, Minnesota courts have recognized that "[t]he crucial factor in determining whether the defendant availed itself of jurisdiction is the nonresident defendant's effort to initiate or

3

> induce the transaction." But Viracon's argument rings hollow in light of its acknowledgement that J&L offered to purchase the IGUs only "in response to a quotation previously sent by Viracon." In other words, it appears that *Viracon* was the "aggressor" in the transaction, not J&L. . . . At bottom, the three "primary" jurisdictional factors—the nature, quantity, and quality of J&L's contacts with Minnesota and the relation of those contacts to Viracon's claims—do not support the exercise of personal jurisdiction. And the two "secondary" factors, Minnesota's interest and the convenience of the parties, do not alter that conclusion. Minnesota undoubtedly has an interest in providing a forum for one of its residents (Viracon), but that interest is minimal in this case, "a dispute that has no [real] connection to" this state.

*Viracon*, 929 F. Supp. 2d at 883-85 (citing *Westley v. Mann*, 896 F. Supp. 2d 775 (D. Minn. 2012) (Ericksen, J., adopting Report & Recommendation of Mayeron, M.J.)). The Court should apply the *Viracon* analysis here to dismiss Plaintiff's Complaint.

A. The Nature, Quantity and Quality of Defendant's Contacts with Minnesota Are Insufficient.

BAI is a small company in Southern California with only 24 employees. Declaration of John Haytaian, ¶ 2. BAI has sold only a few dozen of the accused products nationwide. *Id.* at ¶ 3. **Only one of these sales** was to a Minnesota consumer. *Id.*[2]

Defendant EZI, another small company in Southern California with only 20 employees, has never sold any products in Minnesota. *See* Declaration of Eddie Abraamyan, ¶¶ 2-3.

---

[2] In 13 years, BAI has only sold 3 products (including one accused product) in Minnesota. *See* Haytaian Decl. ¶ 4.

4

Plaintiff's claims are based upon Defendants' advertisement of the accused product for sale through their respective websites. However, the websites are Defendants' only connection to Minnesota. Defendants have never engaged in any marketing campaigns, sales initiatives or targeted communications to Minnesota consumers. *See* Haytaian Decl. ¶¶ 5-6; Abraamyan Decl. ¶¶ 3-5. Likewise, Defendants do not partner with any Minnesota businesses, they do not employ Minnesota residents in any capacity and they do not utilize services (*i.e.*, checking accounts) of any Minnesota-based company or individual. *Id.* The only connection between the accused products and Minnesota is BAI's single sale of an accused product over the Internet (just a few weeks before this action was filed).[3] *See* Haytaian Decl. ¶ 3.

BAI's lone Minnesota sale is insufficient to create personal jurisdiction for purposes of this action because it (a) was a one-time product purchase that did not contemplate any continuing involvement by BAI in Minnesota, (b) is entirely unrelated to Plaintiff's claims, and (c) was not instigated by Defendants. Moreover, Defendants' respective websites are insufficient to create personal jurisdiction because Defendants do not actively market or otherwise promote the websites to Minnesota residents. *See* Haytaian Decl. ¶¶ 5-6; Abraamyan Decl. ¶¶ 3-5. Thus, while it is possible for Minnesota residents to have systemic and continuous contact with Defendants' websites (simply by virtue of the fact that they are websites), there has not been a significant quantity of

---

[3] This sale was made to "Bonnie's Bouncys" at a residential address in Lakeville. *See* Haytaian Decl. ¶ 3 and Exhibit 1.

contact between Defendants' websites and Minnesota residents.[4] *See Lakin v. Prudential Sec., Inc.,* 348 F.3d 704, 710-11 (8th Cir. 2003) (continuous and systemic website contact is not sufficient for general jurisdiction; a court "must also consider the quantity of contacts that [defendant' – through its website – has with [Minnesota] residents").

Consequently, the first, second and third factors weigh against personal jurisdiction in this case. *See Viracon*, 929 F. Supp. 2d at 883-85 (denying jurisdiction where Minnesota resident initiated contact with defendant); *see also Lakin,* 348 F.3d at 710-11 (8th Cir. 2003) (noting that maintaining a website that touches Plaintiff's preferred forum state is insufficient unless the website creates contacts of a nature, quality and quantity that support personal jurisdiction).

B.  <u>Minnesota Has No Interest in Providing a Forum for This Dispute</u>.

As in *Viracon*, this action has no real connection to Minnesota because all of Defendants' alleged conduct in the Complaint occurred in California. Consequently, this factor counsels in favor of finding no personal jurisdiction. *See Viracon*, 929 F. Supp. 2d at 883-85 ("Minnesota undoubtedly has an interest in providing a forum for one of its residents (Viracon), but that interest is minimal in this case, 'a dispute that has no [real] connection to' this state").

C.  <u>The Convenience Plaintiff Might Realize from Having This Dispute Heard in Minnesota Cannot Save Plaintiff's Cause of Action</u>.

As noted in the *Viracon* case, the "party convenience" factor cannot support an otherwise improper exercise of personal jurisdiction. *Id*. Particularly where, as here, the

---

[4]  *See* Note 2, *supra*.

factor "is in equipoise: litigating here would be more convenient for [Plaintiff], while litigating in [California] would be more convenient for [Defendants]." *Id*. Indeed, if anything, this factor counsels in favor of dismissal. *Cf. Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 875-76 (E.D. Mo. 2000) (noting that patent case should be litigated in district where "the documents, financial records, and employees likely to have knowledge of the facts concerning defendants' allegedly infringing products are located").

### III.   CONCLUSION

In view of the foregoing, Defendants request that this Court dismiss this action under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

Respectfully submitted,

Dated:  December 2, 2013.          **Best & Flanagan LLP**

By: s/Jonathan D. Wilson
Jonathan D. Wilson (#339775)
225 South Sixth Street, Suite 4000
Minneapolis, MN  55402
Telephone:  612.339.7121
Facsimile:  612.339.5897
Email: jwilson@bestlaw.com

Attorneys for Defendants Bouncing Angels, Inc. and EZ Inflatables, Inc.

021329/313001/1743990_1