UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WhatRU Holding, LLC,

      Plaintiff,

v.                                                        Civil No. 13-2745 (JNE/TNL)
                                                      ORDER

Bouncing Angels, Inc. and
EZ Inflatables, Inc.,

      Defendants.

Michael T. Berger, Hinshaw & Culbertson LLP, appeared for Plaintiff WhatRU Holding, LLC.

Jonathan D. Wilson, Best & Flanagan LLP, appeared for Defendants Bouncing Angels, Inc. and EZ Inflatables, Inc.

Plaintiff WhatRU Holding, LLC filed this action against Defendants Bouncing Angels, Inc. and EZ Inflatables, Inc. ("EZI"), alleging multiple federal and state causes of action. For federal causes of action, the complaint lists patent infringement, copyright infringement, and violations of the Lanham Act. The Lanham Act counts assert trade dress infringement and false advertising. The complaint also alleges deceptive trade practices under Minnesota Statute § 325D.44 and unfair competition under Minnesota common law. The case is presently before the Court on Defendants' joint motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For the reasons stated below, the motion is granted as to EZI, but denied as to Bouncing Angels.

**BACKGROUND**

Plaintiff WhatRU Holding is a Minnesota company with its principal place of business in Minnesota. Compl. ¶ 5. Its business includes manufacturing and distributing inflatable tents and party accessories. *Id.* at ¶ 38. Plaintiff owns U.S. Patent No. 7,108,608 ("'608 patent") that

1

relates to an inflatable bouncer. *Id.* at ¶¶ 8-9. Plaintiff also owns a copyright, with Registration No. VA-1-201-471 ("'471 copyright"), in an inflatable sculpture entitled "Carousel Bouncer." *Id*. at ¶¶ 10-13. The "Carousel Bouncer" consists of an inflatable sculpture that is shaped to resemble a circus carousel. *Id*. at ¶ 11.

Defendant Bouncing Angels is a California company with 24 employees and a principal place of business in California. *Id.* at ¶ 6; Docket No. 17, ¶ 2. According to the complaint, Bouncing Angels "holds itself out as a manufacturer of inflatable party supplies, including a bounce house, covered" by the '608 patent and '471 copyright. Compl., ¶ 6. Bouncing Angels lists the accused product, Carousel Jumper Model No. B101, on its website at www.bouncingangels.com. *Id.* at ¶ 17. The claims of the complaint focus on Bouncing Angels' advertising, sale, and other activities involving the Carousel Jumper and do not specifically complain of any other actions by Bouncing Angels.

According to an affidavit of John Haytaian, the owner and founder of Bouncing Angels, the company has only sold a few dozen of the accused products nationwide. Docket No. 17, ¶ 3. One of these sales was to a Minnesota customer for $1,775. *Id.* Bouncing Angels contends that its website is its only connection to Minnesota and it has never engaged in any marketing campaigns, sales initiatives, or targeted communications to Minnesota customers. Neither does Bouncing Angels partner with any Minnesota businesses, employ Minnesota residents, or utilize the services of any Minnesota-based company or individual. *Id.* at ¶ 6. Other than the sale of the single accused product, Bouncing Angels has sold two other products to Minnesota customers over the last thirteen years. *See id.* at ¶ 4.

The first affidavit of Mr. Haytaian stated about the accused product sold to a Minnesota customer that "the customer placed this order through our Internet web site

<www.bouncingangels.com>." *Id.* at ¶ 3. On reply, Mr. Haytaian submitted a second affidavit to clarify that the product was not purchased through the website, but the customer "contacted us through our website to inquire about purchasing the Carousel Jumper." Docket No. 32, ¶ 2. He explained that purchases must occur "offline" via email and phone communications. *Id.*

Defendant EZI is another California company, has 20 employees, and maintains a physical presence in California in the same building as Bouncing Angels. Compl. ¶ 7; Docket No. 16, ¶ 2. EZI lists the Carousel Jumper Model No. B101 on its website www.ez-inflatables.com and Plaintiff's allegations against EZI relate to its activities involving that product. *Id.* at ¶ 17. EZI submitted an affidavit from its owner, Eddie Abraamyan, explaining that, other than the website, it lacks any connection to Minnesota. Docket No. 16. EZI has not made any sales of any products to Minnesota customers. *Id.* at ¶ 3. A Minnesota business once made an inquiry on Facebook about general pricing information of EZI's products and an EZI representative responded indicating that a price list would be emailed. Docket No. 29 at 3.

The Defendants' websites factor prominently in the parties' briefing because Plaintiff refers to them as creating a basis for an exercise of personal jurisdiction over the Defendants. The overall setup of the two websites is similar and each site provides information, including images and product descriptions, for the products available from the company. A product catalog is available on each site, which appears to contain much of the same content that can be accessed directly on the site. Docket Nos. 20-23, 25-27. The sites have a "contact us" page that has a form through which a visitor can submit a message. Docket Nos. 24 at 5, 30 at 10. The form requires that a name, phone number, and email address be provided. A product cannot be selected and purchased directly on the site. The header on all the pages also has a "call us today,

toll free" note with the number. Both sites have a link to "like" the company on Facebook and EZI has a link to "follow it" on Twitter.

## DISCUSSION

Each Defendant seeks dismissal of the complaint against it for lack of personal jurisdiction. Although the parties rely exclusively on Eighth Circuit law in their briefing, Federal Circuit law applies to the jurisdictional analysis for a claim of patent infringement. *3D Sys. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998). When the action includes non-patent claims that go "hand-in-hand" with the patent infringement claim, Federal Circuit law also applies to the non-patent claims. *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 856-857 (Fed. Cir. 1999). But Eighth Circuit law applies to the jurisdiction question for claims that "do not present questions that are intimately involved with the substance of the patent laws." *See Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003).

Under both Federal Circuit and Eighth Circuit law, determining whether jurisdiction exists over an out-of-state defendant involves inquiring whether (1) Minnesota's long-arm statute has been satisfied and (2) whether exercising jurisdiction comports with constitutional due process requirements. *Guinness Import Co. v. Mark VII Distribs., Inc.*, 153 F.3d 607, 613-14 (8th Cir. 1998); *Graphic Controls Corp. v. Utah Med Prods., Inc.*, 149 F.3d 1382, 1385 (Fed. Cir. 1998). Because Minnesota's long-arm statute, Minn. Stat. § 543.19, has the "maximum extraterritorial effect allowed under the due process clause of the federal constitution," these inquiries collapse into one. *Rostad v. On-Deck, Inc.*, 372 N.W.2d 717, 719 (Minn. 1985); *accord Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998). In *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), the Supreme Court explained that due process requires

that the defendant have "minimum contacts" with the forum state such that maintenance of the suit there does not offend "traditional notions of fair play and substantial justice."  Two potential types of jurisdiction over a defendant exist—general and specific.  *See Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 414-15 (1984).

Under Federal Circuit law, general jurisdiction requires that the defendant have continuous and systematic contacts with the forum state.  *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1331-32 (Fed. Cir. 2008).  To assess specific jurisdiction, the Federal Circuit applies a three-factor test to determine whether (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair.  *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).  The first two factors correspond to the "minimum contacts" aspect of the due process analysis referenced in *International Shoe*, while the third factor relates to the "fair play and substantial justice" element.  *Grober v. Mako Prods.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012).  The plaintiff bears the burden of establishing the first two factors and then the burden shifts to the defendant to show that the exercise of personal jurisdiction would be unreasonable.  *Id.*

The Eighth Circuit uses a five-factor test to determine whether sufficient minimum contacts exist for personal jurisdiction: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience or inconvenience to the parties."  *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588 (8th Cir. 2011) (internal quotation marks omitted).  The first three factors are of primary importance, while the last two are secondary.  *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th

Cir. 2003). The third factor applies only in the specific jurisdiction context and is immaterial to a general jurisdictional inquiry. *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008).

Plaintiff does not contend that general jurisdiction exists over either Defendant. Docket No. 18 at 7 n.2. Rather, Plaintiff only asserts that the Court has specific jurisdiction over them for purposes of this suit. *Id.* at 7-12. The Court evaluates and decides the question of its jurisdiction over each Defendant separately.

1.   <u>Specific jurisdiction over Defendant Bouncing Angels, Inc. exists</u>

Starting with the patent infringement claim, the evidence of Bouncing Angel's sale of the Carousel Jumper accused of infringement to a customer in Minnesota suffices to meet Plaintiff's burden on the first two factors for specific jurisdiction. *See Caddy Prods., Inc. v. Greystone Int'l., Inc.*, Civ. No. 05-301, 2005 U.S. Dist. LEXIS 34467, at *5 (D. Minn. Nov. 29, 2005) ("The general rule is that when a defendant infringer is shown to have sold the allegedly infringing product in the forum state, the forum may exercise personal jurisdiction over the defendant."). Bouncing Angels purposefully directed its activities at the forum, by accepting an order and shipping the accused product to the forum, such that the first condition is met. *See id.*; *Moore v. Harney Hardware, Inc.*, Civ. No. H-05-4054, 2006 U.S. Dist. LEXIS 32925, at *7-10 (S.D. Tex. May 15, 2006). There is no indication that the sale should not count as a relevant forum-directed activity, for example because plaintiff played a role in making the sale happen to try to manufacture jurisdiction. *See, e.g.*, *ESAB Group, Inc. v. Centricut L.L.C.*, 34 F. Supp. 2d 323, 332-33 (D.S.C. 1999) (declining to consider a transaction that "post-dated the accrual of the cause of action and appears to be manufactured by Plaintiff for the sole purpose of providing Plaintiff with a preferred forum for litigation"); *Edberg v. Neogen* Corp., 17 F. Supp. 2d 104, 112 (D. Conn. 1998) (declining to treat a purchase made by one of the plaintiffs in the forum as a

qualifying contact).  Moreover, Bouncing Angels' website[1] and two sales of other products to Minnesota confirm that the sale of the accused product was not fortuitous, but in accordance with a business plan intended to reach a market that includes Minnesota.  As to the second factor, the infringement claim adequately arises out of or relates to Bouncing Angels' forum activities because the product it sold in Minnesota is the product accused of infringement.  *See* 35 U.S.C. § 271(a) (identifying selling as an act of infringement); *N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1578-79 (Fed. Cir. 1994) (confirming that to sell an infringing article to a buyer in a forum is to commit a tort in that forum).

To avoid a personal jurisdiction finding based on the third prong, Bouncing Angels must make "a compelling case that the presence of some other considerations would render jurisdiction unreasonable."  *See Akro Corp. v. Luker*, 45 F.3d 1541, 1546 (Fed. Cir. 1995) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985)).  In arguing that specific jurisdiction over it would not be proper, Bouncing Angel emphasizes that it has only sold a single accused product in Minnesota.  It does not, however, explain why the number or relative percentage of its infringing direct sales renders a specific jurisdiction finding unreasonable or unfair.[2]  *See Osteotech, Inc. v. GenSci Regeneration Sciences*, 6 F. Supp. 2d 349, 354 (D.N.J. 1998) (finding jurisdiction based on a single infringing sale and confirming the irrelevance of the

---

[1] The parties spent much of their briefs debating about the level of interactivity of the Defendants' websites based on cases addressing internet contacts as a basis for personal jurisdiction.  *See Lakin v. Prudential Sec.*, 348 F.3d 704, 710-711 (8th Cir. 2003) (discussing the website analysis framework of *Zippo Mfg. Co. v. Zippo DOT Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997), and approving its use in assessing specific jurisdiction).  While the facts related to Bouncing Angels' web presence help confirm the purposeful availment demonstrated by the sale of the accused product to a Minnesota customer, it is the direct sale and shipment of the product rather than the website's interactivity that establishes the key contact for purposes of the present analysis.

[2] This is not a situation that depends on a "stream of commerce" theory in which products arrive in the forum through the actions of intermediaries such that volume might be relevant to assessing the purposefulness of the defendant's actions.

percentage of the defendant's total sales formed by the sale in the forum to the specific jurisdiction analysis of a patent claim). Multiple other district courts have found personal jurisdiction over a patent claim based on a single sale or on minimal sales of the accused product sold directly by the defendant into the forum. *See, e.g., Tristrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 641 (D. Del. 2008); *Quick Point, Inc. v. Excel Eng'g, Inc.*, No. 4:08cv797, 2008 U.S. Dist. LEXIS 124201, at *10-13 (E.D. Mo. Dec. 17, 2008); *Moore*, 2006 U.S. Dist. LEXIS 32925, at *9-10; *Caddy Prods., Inc.*, 2005 U.S. Dist. LEXIS 34467, at *7; *Maxwell Chase Techs., L.L.C. v. KMB Produce, Inc.*, 79 F. Supp. 2d 1364, 1372-73 (N.D. Ga. 1999). Bouncing Angels does not point to any other considerations that would qualify this as one of the "rare situation[s] in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Akro*, 45 F.3d at 1549. Specific jurisdiction over Bouncing Angels for Plaintiff's patent claim may be properly asserted.

    Because personal jurisdiction exists over the patent count, jurisdiction may also be exercised over the other counts in the complaint against Bouncing Angels. A separate jurisdictional analysis need not be conducted individually for those claims, because jurisdiction over them exists at a minimum under the supplemental jurisdiction statute, 28 U.S.C. § 1367(a). The statue provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[T]his statute confers supplemental jurisdiction with respect to both subject matter and personal

jurisdiction" for other claims against a defendant[3] that satisfy the "same case or controversy" requirement. *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194, 1206 (Fed. Cir. 2003); *Inamed*, 249 F.3d at 1362-63 (finding personal jurisdiction over one claim and concluding that the other claims sufficiently arose "out of the same set of operative facts to vest the district court with pendent personal jurisdiction over those causes of action"). All of the counts of the complaint relate to the Defendants' alleged manufacture and distribution of the Carousel Jumper and so arise out of a "common nucleus of operative fact." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Consequently, personal jurisdiction over the other claims against Bouncing Angels also exists. *See Silent Drive*, 326 F.3d at 1199-1206 (finding personal jurisdiction over one count and finding pendent personal jurisdiction over another federal claim and state law claim based on it).

    2.    <u>Jurisdiction over Defendant EZ Inflatables, Inc. does not exist</u>

For the patent claim against Defendant EZI, the facts differ materially because EZI has not made any sales of the allegedly infringing product that could support specific jurisdiction. Plaintiff has not demonstrated other contacts by EZI that warrant exercising specific jurisdiction over the claim of patent infringement against it. Plaintiff only argues that EZI's website satisfies the "minimum contacts" requirement. But Plaintiff's argument cannot succeed because, at a minimum, EZI's website does not show that EZI purposefully directed its activities at residents of the forum as required under the first prong of the Federal Circuit's specific jurisdiction test. A website that is not specifically directed at the forum and is available to customers throughout the country cannot, standing alone, establish personal jurisdiction over the website owner. *See*

---

[3]    Any pendent personal jurisdiction analysis must, of course, be defendant-specific. *See Durlacher v. Hoffschneider*, Civ. No. 12-59, 2013 U.S. Dist. LEXIS 74175, at *12 (D. Wyo. May 23, 2013). Therefore, the claims against EZI will be assessed separately.

*Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008) (finding a defendant's website insufficient for general jurisdiction because "the website is not directed at customers in Washington and does not appear to have generated any sales in Washington" and not considering the website in evaluating specific jurisdiction over the defendant).  EZI's website provides an information and communication interface without regard to geographic location and cannot be said to be purposefully directed at Minnesota.

Plaintiff also has not pointed to additional activities that show that EZI purposefully directed its activities concerning the accused product at Minnesota.  *Cf. 3D Sys.*, 160 F.3d at 1378 (finding purposeful direction of activities at forum residents when the defendant "sent promotional letters, solicited orders for models, sent videos and sample parts, and issued price quotations to residents" of the forum); *Safco Prods. Co. v. WelCom Prods.*, 730 F. Supp. 2d 959, 964-66 (D. Minn. 2010) (finding the first prong satisfied where one defendant showed the accused cart to a potential customer in Minnesota and another "initiated several contacts with several customers headquartered in Minnesota, providing them with information and pricing for the allegedly infringing cart, and sending a demonstration model of the cart to one potential customer").  The record does not contain any evidence of communications or contacts about the accused product with Minnesota residents.  Plaintiff has not shown that jurisdiction over the patent claim against EZI exists directly.

The Court next considers whether any of Plaintiffs' other claims provide a basis for exercising jurisdiction over EZI.  Because the copyright and Lanham Act claims do not implicate "the substance of the patent laws," the Court evaluates them under Eighth Circuit law.  *See Coyle*, 340 F.3d at 1348.  But the analysis can be concluded quickly, because Plaintiff relies only on EZI's website as a basis for the relevant minimum contacts.  Docket No. 18, 7-12.  The

parties debate the level of interactivity of the site on the scale laid out in *Zippo Mfg. Co. v. Zippo DOT Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) and Plaintiff contends that the level of the site's interactivity favors a finding of jurisdiction. *Id.* at 9. "However, under Zippo, whether specific personal jurisdiction could be conferred on the basis of an interactive website depends not just on the nature of the website but also on evidence that individuals in the forum state accessed the website in doing business with the defendant." *Johnson v. Arden*, 614 F.3d 785, 797 (8th Cir. 2010) (declining to find jurisdiction over a Lanham Act claim based on an interactive website alone in the absence of evidence of any transaction or information exchange with forum residents).

According to the affidavit of EZI's owner, EZI has made no sales of any products, allegedly infringing or otherwise, to Minnesota.[4] Plaintiff also does not point to any other evidence of interaction with Minnesota residents through EZI's website. Thus, the degree of interactivity of EZI's site does not matter because there is no evidence of business or exchanges with the forum through the website that could be deemed to be related to Plaintiff's non-patent claims. *Cf. Quality Bicycle Prods. v. BikeBaron, LLC*, Civ. No. 12-2397, 2013 U.S. Dist. LEXIS 96158, at *9-10 (D. Minn. July 10, 2013) (exercising specific jurisdiction over copyright and trademark infringement claims where the record showed sales of some of the defendants' products to Minnesota residents through websites deemed to be controlled by them); *Cambria Co., LLC v. Pental Granite & Marble, Inc.*, Civ. No. 12-228, 2013 U.S. Dist. LEXIS 43323, at *17-21 (D. Minn. Mar. 27, 2013) (describing several web interactions with and multiple website-

---

[4] Plaintiff submitted a Facebook page from a third-party rental company, Imperial Moonwalks, that Plaintiff contends is Minnesota-based. Docket No. 30, Exhibits 17-18. The page depicts one of the products unrelated to Plaintiff's claims that Plaintiff contends EZI sells. Although the parties dispute whether the product originated from EZI, resolution of that dispute is unnecessary because the product is not the Carousel Jumper product, and a single sale of a different product could not establish specific jurisdiction for any of Plaintiff's claims.

related sales to Minnesota residents as part of the totality of circumstances supporting jurisdiction over a copyright claim); *Zippo*, 952 F. Supp. at 1120-21 (finding jurisdiction over a foreign defendant proper, based on website contacts, in an "Internet domain name dispute" involving claims of "trademark dilution, infringement, and false designation," where the defendant had signed up 3,000 forum subscribers for its internet news service and entered into seven contracts with internet access providers in the forum).

The record also lacks evidence of any other type of sufficient and material contacts by EZI. The record does show one inquiry on Facebook initiated by a Minnesota resident about a pricing list for EZI's products. But given the primary importance of quality, quantity, and relationship to the cause of action of EZI's contacts in the jurisdictional analysis, *see Pecoraro*, 340 F.3d at 562, that one lonesome communication—without any apparent connection to the Carousel Jumper—does not support a finding of specific jurisdiction. Jurisdiction over EZI for purposes of this action may not be asserted.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss [Docket No. 13] is GRANTED in part and DENIED in part.

2. The complaint as to only Defendant EZ Inflatables, Inc. is dismissed without prejudice.

Dated: February 19, 2014

                                                      s/Joan N. Ericksen
                                                      JOAN N. ERICKSEN
                                                      United States District Judge