UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WhatRU Holding, LLC,

        Plaintiff,

v.                                   Civil No. 13-2745 (JNE/TNL)
                                         ORDER

Bouncing Angels, Inc. and
EZ Inflatables, Inc.,

        Defendants.

---

Michael T. Berger, Hinshaw & Culbertson LLP, appeared for Plaintiff WhatRU Holding, LLC.

Edward P. Sheu, Best & Flanagan LLP, appeared for Defendant Bouncing Angels, Inc.

---

      This matter comes before the Court on Defendant Bouncing Angels, Inc.'s motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to the Central District of California. For the reasons stated below, the motion is granted.

## BACKGROUND

      Plaintiff WhatRU Holding, LLC filed its complaint in this action against two defendants—EZ Inflatables, Inc. and Bouncing Angels. The complaint asserts claims against both original Defendants for patent infringement; copyright infringement; trade dress infringement and false advertising in violation of Section 43(a) of the Lanham Act; deceptive trade practices in violation of Minnesota Statute § 325D.44; and unfair competition under Minnesota common law. All of Plaintiff's claims relate to an inflatable play structure marketed by Defendants as a "Carousel Jumper." Earlier in the proceedings in this case, EZ Inflatables and Bouncing Angels, both of which are California companies, sought to dismiss the complaint for lack of personal jurisdiction. The motion was granted with respect to EZ Inflatables, but

1

denied with respect to Bouncing Angels.  ECF No. 35.  Bouncing Angels now seeks to transfer

the action to the Central District of California pursuant to 28 U.S.C. § 1404(a).  Plaintiff opposes

the motion.

In support of its motion, Bouncing Angels submitted a declaration by its owner, John

Haytaian, describing relevant connections of the company and the litigation to the Central

District of California.  *See* ECF No. 43.  Bouncing Angels is a California corporation with its

place of business near Los Angeles in Azusa, California.  *Id.* ¶ 2.  All of its documents about and

witnesses with knowledge of the design, development, manufacture, and marketing of the

accused Carousel Jumper product are located in California.  *Id.* ¶ 5.  Bouncing Angels has sold

48 units of the accused product, of which one unit was sold to a customer in Minnesota and 28

were sold to customers in California as well as in the surrounding states of Nevada, Arizona,

New Mexico, Idaho, Colorado, Washington, and Oregon.  *Id.* ¶ 4.  The declaration also identifies

over 25 potential witnesses in California, including John Haytaian, various employees, and 12

customers who bought the accused product.  *Id.* ¶ 6-14.

In opposing the transfer, Plaintiff WhatRU Holding submitted a declaration from one of

its owners, Robert Field, similarly enumerating the connections of Minnesota to the present

litigation.  *See* ECF No. 47.  WhatRU Holding is a Minnesota limited liability company and its

place of business is in Inver Grove Heights, Minnesota.  *Id.* ¶ 1.  The declaration states that

documents about the design, development, manufacture, and marketing of a commercial

embodiment—called "Carousel Bouncer"—of the intellectual property at issue "reside with

WhatRU Holding, LLC and its agents in Minnesota."  *Id.* ¶ 2.  The declaration also identifies

about 20 individuals that Plaintiff contends might be called on to provide testimony, including

the two owners of WhatRU Holding, who are also the inventors listed on the asserted patent;

four lawyers involved in obtaining the patent and copyright interests at issue; and individuals involved with the design, production, and marketing of the Carousel Bouncer.  *Id.* ¶¶ 3-5.

At the hearing on Bouncing Angels' motion, and after a statement by Bouncing Angel's counsel that Bouncing Angel had not been able to find any website or other evidence of Plaintiff's operations in the marketplace, counsel for WhatRU Holding clarified that WhatRU Holding merely owns the intellectual property but licenses another party that manufactures and sells the Carousel Bouncer.  The licensee is not a party to the present suit.[1]  At the hearing, WhatRU Holding's initial disclosures, required under Federal Rule of Civil Procedure 26(a)(1), were also discussed.[2]  In those disclosures, served after the parties' briefing was complete, WhatRU Holding only specifically named two of its own witnesses as possessing relevant information.  The disclosures do not identify any other named witnesses with discoverable information regarding either the intellectual property at issue or any commercial embodiment of the asserted intellectual property.  The disclosures list Bouncing Angels' owner, John Haytaian, and generically refer to other employees of Bouncing Angels as witnesses likely to have discoverable information on other subjects.  *See* ECF No. 60.

---

[1]     The declaration submitted by Plaintiff and the complaint in this action refer to "WhatRU Holding's 'Carousel Bouncer.'"  *See* ECF Nos. 1 ¶ 30, 47 ¶ 5.  At the hearing, counsel for WhatRU Holding identified Cutting Edge Creations as another company created by the owners of WhatRU Holding.  A website incorporating the name Cutting Edge Creations exists and lists a product that appears to be the Carousel Bouncer.  *See http://www.cuttingedgecreations.com/15-carousel.html* (last visited June 30, 2014).  If WhatRU Holding is a company that merely owns the relevant patent and copyright without selling any product itself, at this stage it is unclear how it would be able to validly assert the claims beyond the patent and copyright infringement claims. For example, the complaint does not reference any registered trade dress owned by WhatRU Holding and it apparently lacks a product that can serve as the basis for an unregistered trade dress claim.  Nonetheless, for purposes of this motion, the Court considers the import of all claims alleged in the complaint.

[2]     At the Court's request the initial disclosures were subsequently filed.  *See* ECF No. 60.

**DISCUSSION**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  Although the Eighth Circuit has declined to provide an exhaustive list of factors that must be considered in evaluating a request for a transfer, it has confirmed that "district courts should weigh any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted."  *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (internal quotation marks omitted).  The factors relevant to convenience that courts have considered include the convenience of the parties; the convenience of the witnesses, including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony; the accessibility to records and documents; the location where the conduct complained of occurred; and the applicability of each forum state's substantive law.  *Terra Int'l v. Mississippi Chem. Corp.*, 119 F.3d 688, 695-96 (8th Cir. 1997).  Factors relevant to fairness or the interest of justice include judicial economy, the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law.  *Id.*  "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted."  *Id.*

There is no dispute that the Central District of California is a venue where this action "might have been brought."  Rather, the parties dispute whether the convenience and fairness factors warrant a transfer.  Three considerations render the requested transfer appropriate.

4

First, and perhaps foremost, maintaining the suit in this district entails the risk of judicial inefficiencies in light of the potential relevance of the previously dismissed EZI Inflatables. Plaintiff filed this action against both EZI Inflatables and Bouncing Angels, thereby reflecting its position that its claims against the two parties had some connection that made filing them in the same action appropriate. *See* Fed. R. Civ. P. 20(a)(2) (setting out two requirements for permissive joinder of defendants). The record at present does not reflect whether Plaintiff has sought to refile an action against EZI Inflatables elsewhere or whether EZI Inflatables has filed a declaratory judgment action elsewhere. Nonetheless, the possibility of such a related action strongly counsels against keeping the action in this district, where EZI Inflatables would not be subject to personal jurisdiction for purposes of Plaintiff's claims. EZI Inflatables apparently operates from the same location as Bouncing Angels in California. *See* ECF No. 1, ¶¶ 6-7. Thus, personal jurisdiction requirements would be unlikely to pose a barrier to bringing EZI Inflatables into the transferred action in the Central District of California, if needed by Plaintiff or Bouncing Angels.

Second, it appears that the bulk of relevant witnesses and discovery materials are in California. In particular, California is the location of the operations related to the development, manufacturing, and sale of the accused product. Discovery about the accused product will necessarily be part of the litigation. While Plaintiff's affidavit refers to operations related to a product sold by its licensee, it does not identify how the product of a licensee—especially one who is not a party to the suit—would be relevant to Plaintiff's claims.[3] Confirming the lack of likely relevance, Plaintiff's initial disclosures do not identify any potential witnesses from it or

---

[3]     While a licensee's sales might plausibly be relevant to damages issues in some cases, Plaintiff does not explain why the development and manufacturing of its licensee's product is likely to be a subject of discovery, comparable in extent to the discovery about the accused product.

its licensee, other than the two owners of WhatRU Holding, with relevant discoverable information.  Thus, setting aside the two witnesses and documents related to the intellectual property in Minnesota, the bulk of the potentially relevant witnesses and documents appear to be in California.

Moreover, the location of third-party witnesses is usually given more weight in the analysis of considerations relating to witnesses.  *See Eagle's Flight of Am., Inc. v. Play N Trade Franchise, Inc*., Civ. No. 10-1208, 2011 U.S. Dist. LEXIS 1213, at *13 (D. Minn. Jan. 5, 2011) (noting that when analyzing the factor of convenience of witnesses "the Court focuses on inconvenience caused to non-party witnesses, because it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum") (internal quotation marks and emphasis omitted).  Plaintiff has not identified any third-party witnesses in Minnesota over which it lacks control.  While it mentions the attorneys involved in obtaining the patent and copyright registration, they are presumably within Plaintiff's control.  Similarly, to the extent that testimony about its licensee's "Carousel Bouncer" product is necessary, the licensee does not appear to be a third-party over which Plaintiff lacks control.[4] Significantly, Plaintiff's initial disclosures do not list the attorneys or others outside of WhatRU Holding with knowledge of the "Carousel Bouncer" product, suggesting that Plaintiff does not actually expect them to be relevant witnesses at this stage.  To the extent WhatRU Holding can properly pursue the Lanham Act and unfair competition claims related to its licensee's "Carousel Bouncer" product, third-party buyers of Bouncing Angels' accused "Carousel Jumper" product would be potentially significant sources of discovery.  *See, e.g.*, *Gateway, Inc. v. Companion*

---

[4]     For example, the affidavit submitted by Plaintiff notes that all documents about the "Carousel Bouncer reside with WhatRU Holding, LLC <u>and its agents</u> in Minnesota."  ECF No. 47 ¶ 2 (emphasis added).

*Prods.*, 384 F.3d 503, 509 (8th Cir. 2004) (listing "evidence of actual confusion" and "the degree

of care reasonably expected of potential customers" as factors to consider in the "likelihood of

confusion" analysis for a trade dress claim).  There is only one such buyer of Defendant's

product in Minnesota compared to 28 in California and the surrounding states.

Third, California is the location with a much more central connection to the complained-

of conduct.  Bouncing Angels' operations involving the accused product occurred there.

Twenty-eight of the accused products were sold there or in a neighboring state.  In contrast, only

a single accused product was shipped from California to a customer in Minnesota.  Of course,

"[w]here a plaintiff has chosen to bring suit in its home forum, the fact that another location may

be the center of the allegedly infringing activity does not necessarily outweigh the plaintiff's

choice of forum." *Travel Tags, Inc. v. Performance Printing Corp.*, 636 F. Supp. 2d 833, 837

(D. Minn. 2007).  But it is, nonetheless, one factor for the Court to take into account.  *Id.*

Thus, although due weight is accorded to Plaintiff's choice of forum and the weight is not

insignificant given that the choice is its home forum, the three considerations discussed above

render the requested transfer appropriate.  The other usual considerations do not mandate a

different outcome.[5]  Accordingly, Bouncing Angels request to transfer is granted.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT

IS ORDERED THAT:

---

[5]      Both WhatRU Holding and Bouncing Angels are small companies and both have
represented that litigation in the venue preferred by the opposing party would be financially
onerous.  Thus considerations of comparative litigation costs to the parties do not cut in either
party's favor.  Neither party has suggested that the other considerations, such as a court's
familiarity with the law, conflicts of laws, or obstacles to a fair trial render one venue more
appropriate than the other.

1.      Defendant Bouncing Angel's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) [Docket No. 39] is GRANTED.

2.      The Clerk of Court is DIRECTED TO TRANSFER this action to the United States District Court for the Central District of California.

Dated:  July 1, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge